IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


LUTHER E. COUNCIL, JR.,

    Plaintiff,

vs.                                                 Case No. 4:11cv652-RS/CAS

WAKULLA COUNTY, FLORIDA,
WAKULLA COUNTY COMMISSIONERS,
and BENJAMIN H. PINGREE,

    Defendants.

_____/


## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a motion for reconsideration, doc. 14, and a first amended complaint, doc. 15. The Order referenced by Plaintiff in the motion for reconsideration is "Doc. 12 issued May 30, 2012 . . . ." *Id.* at 3. Document 12 was entered on April 23, 2012, and not May 30, 2012. Moreover, document 12 was an Order that construed Plaintiff's "motion objecting to Defendant's motion to dismiss," doc. 9, solely as Plaintiff's opposition to the pending motion to dismiss. Doc. 12. That Order, which also advised that discovery would not be directed until after consideration of the motion to dismiss, is more than likely, not what Plaintiff seeks to have reconsidered.

Instead, it is apparent that Plaintiff seeks reconsideration of the report and recommendation entered on May 30, 2012, which recommended granting the Defendant's motion to dismiss.  Doc. 13.

Plaintiff's motion for reconsideration provides no basis for overturning or vacating the report and recommendation.  Plaintiff does not contend that the recommendation was incorrect in any way, nor does Plaintiff make any argument that the recommendation was erroneous.  Plaintiff states only that he is pro se and that he desires to amend his complaint.  As a motion for reconsideration, Plaintiff has provided no basis for overturning or vacating the report and recommendation.

Because Plaintiff has not presented any argument that the report and recommendation is incorrect, his motion to amend, doc. 13, is not only insufficient, but it comes too late.  Plaintiff *could* have requested leave to amend his complaint in the four months prior to issuance of the report and recommendation but he did not do so.  Plaintiff awaited entry of the report and recommendation before seeking to amend the complaint.  Plaintiff was advised in the May 23, 20120, Order, doc. 12, that ruling on the motion to dismiss would be made in due course, but Plaintiff took no action to cure any defect in the complaint prior to entry of the report and recommendation over a month later.  Essentially, Plaintiff waited on the result of the motion to dismiss before expressing a desire to amend.  Because the report and recommendation found that the motion to dismiss should be granted, and because Plaintiff provides no basis for finding that recommendation was incorrect, Plaintiff's request to amend his complaint (as presented within the motion for reconsideration) comes too late in the day.

Moreover, Plaintiff's only meaningful argument presented in the motion, doc. 14, is the fact that Plaintiff is pro se.  That Plaintiff was proceeding pro se in this case was already acknowledged and considered.  The original complaint was liberally construed as is required for a pro se litigant.  *See* doc. 13, at 2.  Pro se status does not, in and of itself, require vacating a report and recommendation and allowing leave to amend.

It is recognized that Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a). While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  Futility of amendment, however, is sufficient cause under Rule 15 to deny permission to amend.  Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004).  When an amended complaint still fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend.  Smith v. Secretary For Dept. of Corrections, 2007 WL 3089531, *2 (11th Cir. Oct. 24 2007).

In this case, Plaintiff indicates in the proposed amended complaint, doc. 15, that he also wants to add claims under Title VII in this action.  Such claims would be futile

because Plaintiff did not file a charge of discrimination prior to initiating this case. There is no need to vacate the report and recommendation and delay resolution of this case for claims that would be futile.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for reconsideration, doc. 14, which incorporates a motion for leave to amend, be **DENIED**, and the prior report and recommendation, doc. 13, be adopted.

**IN CHAMBERS** at Tallahassee, Florida, on June 25, 2012.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**